1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    LARRY JAMERSON,

11            Petitioner,                    No. CIV S-07-0256 LKK KJM P

12        vs.

13    THE STATE OF CALIFORNIA,               ORDER AND

14            Respondent.                    ORDER TO SHOW CAUSE

15    _____/

16            Petitioner is proceeding pro se with a petition for a writ of habeas corpus pursuant

17    to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

18            Examination of the in forma pauperis application reveals that petitioner is unable

19    to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

20    granted.  See 28 U.S.C. § 1915(a).

21            Although it not entirely clear, it appears that petitioner is challenging a

22    Sacramento County conviction from 1989.  It is clear, however, that petitioner is not in custody.

23            Under 28 U.S.C. § 2254 a writ of habeas corpus may be entertained by a federal

24    court only on the ground that the habeas petitioner is "in custody" in violation of the laws or

25    treaties of the United States.  "Once the sentence imposed for a conviction has completely

26    expired, the collateral consequences of the conviction are not themselves sufficient to render an

1

1 individual 'in custody' for the purposes of a habeas attack upon it."  Maleng v. Cook, 490 U.S.

2 488, 492 (1989) (per curiam).   Petitioner is certainly not in prison, but it is not clear from his

3 pleading whether he is still on parole for the underlying conviction.

4         In addition, under the Antiterrorism and Effective Death Penalty Act (AEDPA), a

5 federal habeas petition must be filed within a year from the date the direct review process was

6 completed or a year from the time the factual predicate of the claim could have been discovered.

7 28 U.S.C. § 2244.   Nothing in the petition suggests that it is timely.

8         Finally, exhaustion of state court remedies is a prerequisite to the granting of a

9 petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion

10 requirement by providing the highest state court with a full and fair opportunity to consider all

11 claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971);

12 Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

13 Nothing in this petition suggests that petitioner has exhausted his state remedies.

14         IT IS HEREBY ORDERED that:

15         1.  Petitioner's request to proceed in forma pauperis is granted.

16         2.  Within thirty days of the date of this order,  petitioner shall show cause why

17 his petition should not be dismissed because he is no longer in custody, the petition is not timely

18 and his state remedies have not been exhausted.

19 DATED:  May 3, 2007.

20 _____
   U.S. MAGISTRATE JUDGE

25 2

26 jame0256.osc

2